# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAKOTA HANLEY,** | * | **CIVIL ACTION NO.:** |
| | * | |
| Plaintiff | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE DIV.** |
| **ILLINOIS CENTRAL RAILROAD** | * | |
| **COMPANY,** | * | **TRIAL BY JURY** |
| | * | |
| Defendant | * | |

******************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dakota Hanley, a person of full age and majority domiciled in the County of Randolph, State of Missouri, who respectfully represents:

1. This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, Illinois Central Railroad Company [hereinafter "ICRR"], by virtue of 28 U.S.C. § 1331. Plaintiff's claims against ICRR arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana as St. John the Baptist is the parish where this cause of action arose, and Defendant, ICRR, at all times mentioned herein was doing business in the Parish of St. John the Baptist as a common carrier by railroad engaged in interstate commerce.

3. Defendant ICRR is a foreign railroad corporation doing business in the State of Louisiana, and it is an interstate carrier engaged in interstate transportation, operating an

1

interstate system of railroads in and through many states, including the State of Louisiana and in particular operates in the Parish of St. John the Baptist and in the Parish of Orleans.

4. Furthermore, ICRR is an indirectly owned subsidiary of Canadian National Railway Company, a publicly traded Canadian corporation; Canadian National Railway owns all the capital stock of North American Railways Inc., which in turn owns all the capital stock of Grand Trunk Corporation, which in turn owns all the capital stock of CN Financial Services VIII, L.L.C., which in turn owns all the capital stock of Illinois Central Corporation, which in turn owns all of the capital stock of Defendant, ICRR.

5. This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as FELA, to recover damages for personal injuries sustained by the Plaintiff while employed as a railroad bridge laborer caused by his railroad employer the Defendant, ICRR, for injuries sustained in the line of duty and while engaged in interstate commerce.

6. Defendant, ICRR, is liable unto its borrowed employee, the Plaintiff, Dakota Hanley, for all of the damages he incurred, as well as all general and equitable relief, together with legal interest on these sums from the date of judgment until paid, and for all costs of these proceedings for the following reasons to wit:

7. On June 25, 2019, OCCI Engineering Contractors, Inc. [hereinafter "OCCI"] of Fulton, Missouri was a corporate entity which had entered into a contractual relationship with the Defendant ICRR to provide railroad track and bridge construction, renovation, and repair to ICRR's bridge and track located over the Bonnet Carre Spillway in St. John the Baptist Parish.

8. OCCI, its employees, agents and servants were under the absolute, direct, and supervisory direction and control of Defendant, ICRR, at all times mentioned herein while

2

providing, under contract, railroad bridge construction services to Defendant, ICRR, and thus all negligence on the part of OCCI and Defendant's employees, while performing such railroad services is imputed to Defendant, ICRR.

9. Upon information and belief, during the approximate year preceding June of 2019, and on the date of June 25, 2019, Plaintiff worked as a laborer on the Bonnet Carre Spillway Project and ICRR, through its supervisors and designated "Employee(s)-In-Charge," significantly controlled the daily performance of Plaintiff's work on the bridge.

10. On June 25, 2019, the bridge work performed by Plaintiff was an operational activity of Defendant, ICRR, and as such, was supervised by Defendant's employees; Plaintiff, while working on the bridge, was also at all times under the direct supervision and control of Defendant as its Laborer, participating in the bridge repair work.

11. On June 25, 2019, ICRR bridge Laborer, Dakota Hanley, while performing his duties in his usual, customary, and safe manner, within the course and scope of his employment, sustained severe and debilitating injuries to his right knee and leg when he fell from a platform/deck in the course of inspecting and repairing water tanks on the bridge-building equipment.

12. The injuries sustained by Plaintiff on June 25, 2019 and the resulting damages came as a result, in whole or in part, of the negligence of Defendant ICRR, its officers, employees and agents, including OCCI, and in violation of the FELA, 45 U.S.C. § 51 et seq., and in particular, though not exclusively, the defendant ICRR was negligent for the following particulars:

    A. failed to adhere to its non-delegable duty to provide Plaintiff with a reasonably safe place in which to work as required by law;

    B. failed to provide Plaintiff with a safe workplace with safe conditions in which to work;

3

  C. failed to provide its agents, servants, and employees with proper instruction and training on safely performing the job to be done, including but not limited to proper fall protection;

  D. failed to provide Plaintiff with safe, adequate, effective and efficient assistance to assure his job could be done in a safe manner;

  E. failed to comply with Defendant's own written safety and operating rules relating to such bridge and track work;

  F. failed to comply with Federal Railroad Administration regulations applying to Railroad Workplace Safety, including Bridge Worker and Roadway Worker Protection standards relating to such bridge work, including but not limited to 49 C.F.R. § 214.1 through § 214.533;

  G. failed to provide Plaintiff with proper safety equipment including fall protection equipment and apparatus for Plaintiff's use when conducting the necessary and required bridge work; and

  H. other acts of negligence to be fully enumerated at the trial of this matter.

13. As a result, in whole or in part, of the foregoing negligence of Defendant ICRR and its agents, in violation of the FELA, the fall caused Plaintiff Dakota Hanley to sustain severe, permanent and disabling physical injuries to his body including his right knee and leg, muscles, tissues, ligaments and internal parts thereof, as well as other contusions, lacerations, and permanent injuries to his muscular and skeletal systems for which plaintiff has suffered in the past and will continue to suffer in the future including future pain and anguish and loss of enjoyment of life.

14. In addition, as a result, in whole or in part, of the foregoing negligence of Defendant ICRR and its agents, in violation of FELA, Plaintiff Dakota Hanley has lost wages in the past, and may continue to lose wages in the future, and may sustain a permanent diminution of any residual earning capacity as well as loss of fringe benefits in amounts to be proven by the evidence that will be produced at the trial of this matter.

15. In an effort to treat, heal and relieve his injuries, Plaintiff Dakota Hanley has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at trial.

16. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

   A. Physical Pain and Suffering, Past and Future;

   B. Mental Pain and Suffering, Past and Future;

   C. Permanent Disability, if any;

   D. Loss of Enjoyment of Life;

   E. Past and Future Lost Wages; and

   F. Unpaid Past and future Medical Expenses.

17. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

18. Plaintiff is entitled to and demands a trial by jury.

   **WHEREFORE**, Plaintiff, Dakota Hanley, prays that Defendant, ICRR, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Dakota Hanley, and against the Defendant, ICRR, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Date: February 4, 2022

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**


BY:   */s/ Joseph M. Miller*
      **JOSEPH M. MILER #30363**
      **jmiller@davissaunders.com**
      **BENJAMIN B. SAUNDERS #11733**
      **bensaunders@davissaunders.com**
      450 N. Causeway Blvd., Suite D
      Mandeville, Louisiana  70448
      Telephone: (985) 612-3070
      Facsimile:  (985) 612-3072
      **Attorneys for Dakota Hanley**

**Please Issue Summons to:**
Illinois Central Railroad Company
c/o Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802